**UNITED STATES of America**

v.

**Alexander L. GUTERMA, Garland L. Culpepper, Jr., Robert J. Eveleigh, Virgil D. Dardi, Chatham Corporation and Comficor, Inc., Defendants.**

**Cr. No. 45999.**

United States District Court
E. D. New York.

Dec. 2, 1959.

See also D.C., 179 F.Supp. 420.

Joseph A. Tracy, New York City, for defendant Virgil D. Dardi, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty. for the Eastern Dist. of New York, Brooklyn, N. Y., in opposition.

BYERS, District Judge.

There are before the court two motions in this case argued on November 16th.

The first was made on the part of the defendant Dardi and sought

an order directing the United States Attorney to permit inspection of certain papers and documents, etc., being those specified in Appendix A attached to the affidavit of Joseph A. Tracy, attorney for the said defendant, verified October 28, 1959.

There were thirteen specifications therein listed which were disposed of during the argument as follows:

1. Fox note for $115,000 to Bon Ami Company, due on or about April 26, 1957.

It is understood that the Government cannot comply with this request because the whereabouts of the note are unknown.

As to this, the motion is denied with leave to renew if the document becomes available to the United States.

2. Collateral on said note—offer of Matthew Fox to Alexander L. Guterma to furnish to the Bon Ami Company, etc.

It was stated that the defendant does not press this. It is consequently deemed to have been withdrawn.

3 and 4 have to do with the acceptance dated May 10, 1957 by Comficor, Inc. of Guild Film Company, Inc. obligation to furnish $500,000 of television time; and contract of June 20, 1957 between Comficor, Inc. and Chatham Corporation.

It was stated that the foregoing had been supplied to this defendant. Accordingly as to them the motion is deemed to have been withdrawn.

5. Chatham Corporation check for $100,000 to Guild Film Company, Inc., dated on or about June 20, 1957.

As to this it was stated that the United States cannot comply with the request but will seek to ascertain and advise said defendant of the name of the bank involved. Consequently the motion is deemed to have been withdrawn.

6. and 7. Notes of Bon Ami Company in the several amounts of $130,000 and two of $100,000 each, the first due October 18, 1957 and the two latter December 20, 1957; also Bon Ami Company $100,000 note payable to Chatham Corporation, due December 20, 1957.

As to the foregoing it was stated that these have been supplied by the United States to the said defendant, and as to them the motion is deemed to have been withdrawn.

8. Date and place of incorporation of the Chatham Corporation.

It was stated that this information had been supplied, and as to this also the motion is deemed to have been withdrawn.

9. Letters or documents indicating television time purchased by the Bon Ami Company on June 20, 1957, and as to which it is claimed that the said time could have been purchased directly from Guild Film Company at a price lower than that which was paid.

As to the foregoing, it was stated without contradiction that this defendant has seen a letter from the Guild etc. Company and that no other related documents are known to the United States.

As to this, it is deemed that the motion has been withdrawn.

10. Letter dated October 15, 1957 said to contain $100,000 note of Bon Ami Company to Chatham, said to have been mailed to Security National Bank.

As to this, the statement was made that the United States has no such letter. Upon that statement, the motion is denied.

11. Letter and note containing Security National Bank cashier's check No. 1–6942 for $131,722, mailed on or about October 21, 1957.

Concerning the foregoing, a copy of the check is to be furnished to this defendant, but the statement of the Government is that it has no such letter or the envelope containing the same.

As to this, the motion is granted as to the check; otherwise denied.

12. Letter and Security National Bank cashier's check No. 1–8348 for $102,000, mailed on or about December 23, 1957.

420

The same statement as last above made applies to this subdivision; the motion as to the check is granted, but otherwise denied.

13. Signed statements of Virgil D. Dardi taken by the F.B.I.

The withdrawal under date of November 19, 1959 of this subdivision of the motion has been brought to the attention of the court.

The second motion was for a bill of particulars by the same defendant.

 The first subdivision was directed to paragraph 6 of the indictment and called for the names of those who were present on the occasion or occasions when this defendant allegedly devised a scheme or artifice to defraud the Bon Ami Company.

As to the foregoing, the Government is directed to supply, if it can, the names of officers and directors of the Bon Ami Company at the time involved in the matter alluded to.

The second demand refers to the allegations of paragraph 9 of the indictment, and is denied because this defendant is not entitled to a bill of particulars which shall disclose the evidence upon which the Government relies.

Number 3 is addressed to paragraph 10 of the indictment, and is denied for the reasons last above stated.

Number 4 is addressed to paragraph 14 of the indictment, and is denied for the same reason.

Number 5 is addressed to paragraph 15 of the indictment, and is denied for the same reason.

Number 6 is addressed to paragraph 16 of the indictment and reads:

"State the manner in which the defendant, Virgil D. Dardi, knowingly and willfully caused a letter containing the note of Bon Ami Company for $130,000.00 to be delivered by the Post Office Department to the Security Bank at Huntington, Long Island, N. Y."

On the argument it was stated that the mailing is not sought to be proven as having been personally done by the defendant Dardi.

Except as indicated, the motion for a bill of particulars is denied.

Settle order in accordance with the foregoing, and insert a clause to the effect that as to any document which the Government says it does not now possess, this defendant may renew his motion if it shall be made to appear that such a document shall later have become available to the Government.